Chief Judge Desmond (dissenting).
Control of the courts over arbitrations and arbitrators is such only as is given by statute. The only statute which could have any application here is subdivision 2 of section 1462 of the Civil Practice Act which directs the vacatur of an award “ Where there [is] evident partiality or corruption in the arbitrators or either of them”. In this case, as the Appellate Division itself points out, ‘1 There has been no attempt to prove actual partiality; but appellant contends that the award must be vacated because of certain relationships—unknown and undisclosed to it— *880 between the arbitrators and respondents and their attorneys which disqualified two of the arbitrators from acting in the matter.” Thus, the award has been vacated without any proof or finding of actual partiality (much less ‘1 evident ’ ’ partiality) solely because there were prior relationships between the arbitrators and one of the parties, which might better have been disclosed to the parties. In vacating an award on such grounds the courts misread the statute and deprive of all meaning the statutory word “evident”. For partiality to be “evident” it would have to be actual, clear and manifest (see Matter of Hermance v. Board of Supervisors of Ulster County, 71 N. Y. 481, 485-487). In other words, the conduct of the arbitrator in the arbitration proceedings themselves would have to evidence actual partiality (see, in general, Sturges, Commercial Arbitrations and Awards, §§ 148, 367).
If the courts had any general supervisory power over arbitrators and arbitrations, we could apply higher standards but the only standard available is the statutory one of “ evident ” partiality and, concededly, such was not shown here.
I would reverse and reinstate the order of Special Term, with costs.
Order affirmed, etc.